UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

CARL WASHINGTON,

      Plaintiff,

v.                                                 CIVIL ACTION NO. 5:21-cv-00349

THE CITY OF BECKLEY,
BECKLEY POLICE DEPARTMENT,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is a Complaint filed by Plaintiff Carl Washington on June 21, 2021. [Doc. 1]. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on June 25, 2021. [Doc. 3]. Magistrate Judge Aboulhosn recommended that the Court dismiss Plaintiff's Complaint with prejudice and remove this matter from the Court's docket. Mr. Washington timely objected to the PF&R on July 6, 2021. [Doc. 5].

I.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C.

§ 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## II.

Mr. Washington's Complaint contends the Beckley Police Department was negligent in conducting the investigation into the murder of his mother, Sylvia Washington, on or about April 16, 2014.[1] Mr. Washington alleges the Beckley Police Department failed to secure the premises, tampered with evidence, and did not perform an investigation at the scene. [Doc. 1]. Magistrate Judge Aboulhosn concluded Mr. Washington's Complaint was time-barred because he did not bring this action within two years from the time the cause of action accrued.[2] [Doc. 3 at 4]. In his objection to the PF&R, Mr. Washington contends he was unaware of the City's negligence during the initial investigation, only recently learning of the negligence when inquiring about the status of the suspect's charges. [Doc. 5 at 1].

Mr. Washington is proceeding *pro se*, and the Court must construe Mr. Washington's filings to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 72 (4th Cir. 2016). The Court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the

---

[1] The Court notes this case is substantially similar to a previous case filed in this Court on June 9, 2021, *Washington v. The City of Beckley, West Virginia,* 5:21-cv-331.

[2] West Virginia Code § 55-2-12 (providing the statute of limitations for personal injury claims is two years after the right to bring suit accrues).

strongest arguments that they suggest.'" *Martin v. Duffy*, 977 F.3d 294, 298 (4th Cir. 2020) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Mr. Washington asserts the investigation into his mother's death occurred in April 2014, but he did not learn of the City's negligence until 2021, seven years later. The only explanation he provides for this delay is his conversations with a detective and the Raleigh County prosecuting attorney in May and June of 2021, regarding the status of the suspect's charges in the murder investigation. [Doc. 5, p. 1]. Mr. Washington does not recount the contents of these conversations in his objections, only that "I was unaware of the impact that the negligence that the city of Beck;ey [sic] Police posed until the conversation with the above mentioned indivuails [sic]." [Doc. 5, p. 1].

Assuming, *arguendo*, the suspect was not apprehended for years after Sylvia Washington's death, the initial investigation of the crime scene -- the investigation which Mr. Washington asserts was handled negligently -- occurred seven years ago. Regardless of the length of time it has taken to apprehend and prosecute the suspect in Sylvia Washington's case, the reports from the investigation -- which could provide a basis for Mr. Washington's claims -- have been in existence for seven years. As such, Mr. Washington's negligence claims accrued seven years ago, and his Complaint was filed five years too late.

The Court thus **OVERRULES** Mr. Washington's objections relating to the statute of limitations.

### III.

For the foregoing reasons, the Court **OVERRULES** Mr. Washington's objections **[Doc. 5]**, **ADOPTS** the Magistrate Judge's PF&R **[Doc. 3]**, **DISMISSES** the Complaint **[Doc. 1]**,

and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party herein.

ENTER: October 25, 2021

Frank W. Volk
United States District Judge